UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

TORRANCE BAILEY,

                Defendant.

20-CR-29A

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Torrance Bailey ("the defendant"), is charged along with seven (7) other co-defendants in a superseding indictment with having violated Title 21 U.S.C. § 846 (Count 1) and Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (Counts 20 and 21) and Title 21 U.S.C. § 856(a)(1) (Count 22). He has filed a motion wherein he seeks a copy of a recording made at the time the Hon. Kenneth F. Case, Erie County Court Judge, held a proceeding *in camera* for purposes of determining whether probable cause existed for the issuance of a search warrant authorizing the search of

premises located at 81 Mills Street, Buffalo, New York.  (Dkt. #272).  The government has filed its opposition to this motion.  (Dkt. #283).  The Court held oral argument on the motion on October 27, 2021 and reserved decision.

## FACTS[1]

On March 4, 2020, the Hon. Kenneth F. Case, Erie County Court Judge, issued a search warrant authorizing the search of premises located at 81 Mills Street, Buffalo, New York.  Before signing the search warrant, Judge Case conducted an *in camera* proceeding wherein he reviewed the sworn application for the warrant submitted by the law enforcement officer seeking the warrant as well as placing the officer under oath and questioning him about the facts and circumstances relating to the issue of probable cause for the warrant.  A confidential informant was also presented to Judge Case in this proceeding and placed under oath.  Judge Case questioned this individual about his/her knowledge as to the alleged criminal activities for which the search warrant was being sought.  Upon completion of this interview process, Judge Case found probable cause for the issuance of the search warrant and did so.  This entire *in camera* interview process was recorded and this Court has reviewed that recording.

---

[1] The facts are taken from the filings in this case and this Court's *in camera* review of the recording wherein Judge Case interviewed a police officer and a confidential informant for purposes of establishing probable cause for the issuance of the search warrant in question.

When attempts were first made to obtain the recording from Judge Case's chambers, the government was advised that it could not be found.   Ultimately the recording was found in the possession of the Erie County Sheriff's Office and transmitted to this Court by the government.

## DISCUSSION AND ANALYSIS

The defendant claims that a violation of Article 690 of the New York State Criminal Procedure Law was committed when the recording of the *in camera* search warrant proceeding on March 4, 2020 was not maintained in the possession of Judge Case's court.   As a result, the defendant asserts that "the legitimacy of the recording may be called into question" and that "[w]ithout a copy of the recording . . . counsel cannot make a proper showing."   Dkt. #272, p. 3, ¶ 6.

Article 690.36 of the New York Criminal Procedure Law provides as follows:

> If a voice recording device is used or a stenographic record made, the judge must have the record transcribed, certify to the accuracy of the transcription and file the original record and transcription with the court within twenty-four hours of the issuance of a warrant.   If longhand notes are taken, the judge shall subscribe a copy and file it with the court within twenty-four hours of the issuance of a warrant.

The purpose of the requirement that the testimony procured orally be recorded or summarized is to ensure the regularity of the application process and to preserve for review the grounds upon which the search warrant is issued.   *People v.*

*Taylor*, 73 N.Y.2d 683, 689 (1989).   Where evidence secured from a state search warrant is employed in a federal prosecution, however, review of the warrant is concerned solely with the requirements of the Fourth Amendment.   *United States v. Smith*, 9 F.3d 1007, 1014 (2d Cir. 1993); *see Preston v. United States*, 376 U.S. 364 (1964) ("The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers.").

The United States Supreme Court has expressly stated:

> In *California v. Greenwood,* 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988), we held that search of an individual's garbage forbidden by California's Constitution was not forbidden by the Fourth Amendment. "[W]hether or not a search is reasonable within the meaning of the Fourth Amendment," we said, has never "depend[ed] on the law of the particular State in which the search occurs." *Id.,* at 43, 108 S.Ct. 1625. While "[i]ndividual States may surely construe their own constitutions as imposing more stringent constraints on police conduct than does the Federal Constitution," *ibid.,* state law did not alter the content of the Fourth Amendment.
>
> We have applied the same principle in the seizure context. *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), held that police officers had acted reasonably in stopping a car, **1605 even though their action violated regulations limiting the authority of plainclothes officers in unmarked vehicles. We thought it obvious that the Fourth Amendment's meaning did not change with local law enforcement practices—even practices set by rule. While those practices "vary from place to place and from time to time," Fourth Amendment protections are not "so variable" and cannot "be made to turn upon such trivialities." *Id.,* at 815, 116 S.Ct. 1769.

*Virginia v. Moore*, 553 U.S.164, 172 (2008).

Therefore, whether there was compliance or not with the requirements of Article 690.36 of the New York Criminal Procedure Law is irrelevant to the federal legal issue of whether the search warrant in this case complied with the requirements of the Fourth Amendment.   The defendant's motion is denied.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.   See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**   *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **<u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.</u>**

DATED:	November 3, 2021
	Buffalo, New York

*<u>S/ H. Kenneth Schroeder, Jr.</u>*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
