UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

              Plaintiff,

v.

TORRANCE BAILEY,

              Defendant.

20-CR-29A

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Torrance Bailey ("the defendant"), has filed a supplemental motion wherein he seeks an order from this Court directing the government to provide an unredacted transcript of the video proceedings conducted before the Hon. Kenneth F. Case, Erie County Court Judge, on March 4, 2020 regarding the issuance of a search warrant for premises located at 81 Mills Street, Buffalo, New York. The defendant has been provided a redacted transcript of these proceedings but argues that the redactions are so substantial that he is unable to

adequately address the legal issues "relative to what the judge was told" before authorizing the search warrant in question.   Dkt. #392, p. 12, ¶ 50.

The government asserts that the redactions made in the transcript supplied to the defendant only relate to information that could be used to identify the confidential informant who appeared before Judge Case on March 4, 2020 and therefore it is not legally obligated to provide an unredacted transcript to the defendant containing that information.

Oral Argument on the issue was heard by this Court on May 23, 2022 and the matter was taken under advisement.

## FACTS

On March 4, 2020, the Hon. Kenneth F. Case, Erie County Court Judge, issued a search warrant authorizing the search of premises located at 81 Mills Street, Buffalo, New York as well as the search of the defendant's person.   Before signing the search warrant, Judge Case conducted an *in camera* proceeding wherein he reviewed the sworn application for the warrant submitted by the law enforcement officer seeking the warrant as well as placing the officer under oath and questioning him about the facts and circumstances relating to the issue of probable cause for the warrant.   A confidential informant was also presented to Judge Case in this proceeding and placed under oath.   Judge Case questioned this individual about his/her knowledge as to the

alleged criminal activities for which the search warrant was being sought.   Upon completion of this interview process, Judge Case found probable cause for the issuance of the search warrant and did so.   This entire *in camera* interview process was recorded and this Court has reviewed that recording.

The defendant originally filed a motion seeking suppression of the evidence seized pursuant to the search warrant issued by Judge Case on March 4, 2020 (Dkt. #186) and a Report, Recommendation and Order was issued by this Court on November 4, 202 recommending denial of the motion.   (Dkt. #296).   Objections to this Report, Recommendation and Order were filed by the defendant on November 18, 2021.   (Dkt. #301).   The defendant's objections were combined with his appeal from this Court's Decision and Order denying his request for a copy of the video recording of the proceeding before Judge Case on March 4, 2020.   (Dkt. #373).   On February 17, 2022, the government filed a notice advising the Court that the parties had reached an agreement wherein the government would provide a redacted transcript of the video proceeding before Judge Case on March 4, 2020 to the defendant thereby causing the defendant's appeal from this Court's Decision and Order to be moot.   (Dkt. #373).   After hearing oral argument on the defendant's objections to this Court's Report, Recommendation and Order, the Hon. Richard J. Arcara applied a *de novo* standard of review to the portions of this Court's Report, Recommendation and Order to which timely objection had been made and adopted this Court's conclusion and reasoning as set forth in the Report, Recommendation and Order for the reasons stated therein and therefore denied the defendant's objections to same and remanded the matter to this

Court for further discovery proceedings consistent with Judge Arcara's Order. Dkt. #373.

## DISCUSSION AND ANALYSIS

In support of the defendant's motion seeking the disclosure of an unredacted transcript of the video proceedings conducted by Judge Case on March 4, 2020, defense counsel states in his affidavit (Dkt. #392) that "much of the [redacted] transcript of the informant's statement was redacted." (p. 7. ¶ 28). He further asserts in ¶ 31 of his affidavit (Dkt. #392) that "no questions were asked of the informant as to why he/she was cooperating with the authorities" and therefore, "the statement [of the informant] was hardly sufficient to establish the reliability prong of the informant's testimony." (p. 7, ¶ 31). He also asserts that the police "officer was never sworn to tell the truth and, as a result, anything said by him could not be considered in the probable cause analysis because the detective's vouching was at best 'conclusory'" thereby lacking "any further information in the record about the reliability of the informant" which was "relevant to the probable cause analysis." (p. 7, ¶ 31). For the reasons hereinafter stated, all of these assertions are totally rejected.

This Court has once again reviewed the video recording of the proceedings conducted before Judge Case on March 4, 2020 along with a review and comparison of an unredacted transcript of the proceedings with the redacted copy of the transcript supplied to the defendant in making a determination of the defendant's

motion.

### 1.  The Administration of the Oath on March 4, 2020

The video recording of the proceedings conducted before Judge Case on March 4, 2020 clearly establishes that at the outset of the proceedings, Judge Case placed both the police officer and the confidential informant under oath.   It is also pointed out that this Court clearly stated in its Decision and Order (Dkt. #294, p. 2) and its Report, Recommendation and Order (Dkt. #296, p. 2) the following:

> Before signing the search warrant, Judge Case conducted an *in camera* proceeding wherein he reviewed the sworn application for the warrant submitted by the law enforcement officer seeking the warrant **as well as placing the officer under oath and questioning him about the facts and circumstances relating to the issue of probable cause for the warrant.**

### 2.  The Redacted Portions of the Transcript

As stated earlier, I compared the unredacted transcript of the March 4, 2020 proceedings before Judge Case with the redacted version supplied to the defendant.   All of the redactions relate to information that could be used to identify the confidential informant and do not relate in any substantive way to whether there was probable cause established for the issuance of the search warrant.

"The government is not generally required to disclose the identity of confidential informants" because "its interest in protecting the anonymity of informants who furnish information regarding violations of law is strong."  *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied* 522 U.S. 976 (1997); *Roviaro v. United States*, 353 U.S. 53, 59 (1957); *Socialist Workers Party v. Attorney General*, 565 F.2d 19, 22 (2d Cir. 1977).   My review of the video recording of the proceedings before Judge Case on March 4, 2020 and the unredacted transcript of those proceedings convinces me that in "balancing the competing interests of the government and the defense," the redacted information in the transcript supplied to the defendant need not be supplied to the defendant.   The defendant's speculation that disclosure of the informant's identity will be of assistance on the issue of probable cause for the search warrant is not sufficient to meet his burden of showing need for the disclosure.   *Roviaro, supra* at 62; *United States v. Manley,* 632 F.2d 978, 985 (2d Cir. 1980); *Fields, supra* at 324.

### 3.  Motivation of the Confidential Informant

Contrary to the defendant's claim, the video recording and unredacted transcript of the proceedings conducted before Judge Case on March 4, 2020 clearly establish that Judge Case questioned the confidential informant about his/her reason for cooperating with law enforcement in this case and the responses of the confidential informant to these questions was corroborated by the police officer's testimony before Judge Case.

### 4. Reliability of the Informant

In response to questions asked by Judge Case, the police officer testified under oath that he had used the confidential informant in other matters and that the information given by this informant proved to be reliable. The police officer also testified that he had been able to substantiate what the confidential informant was saying in this case.

### **CONCLUSION**

Based on the foregoing, the defendant's motion seeking disclosure of an unredacted transcript of the video recorded proceedings before Judge Case on March 4, 2020 is in all respects denied.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:	May 24, 2022
	Buffalo, New York

				*S/ H. Kenneth Schroeder, Jr.*
				 **H. KENNETH SCHROEDER, JR.**
				 **United States Magistrate Judge**