UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

                                                          DECISION AND ORDER
                                                             20-CR-29A

TORRANCE BAILEY,

                          Defendant.
_____

      This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings.  On May 24, 2022, Magistrate Judge Schroeder filed a Decision and Order denying Defendant's motion seeking disclosure of additional documentation related to the underlying search warrant application. Dkt. 399.

      After being granted a brief extension of time, Defendant filed an appeal from that Decision and Order on July 6, 2022.  Dkt. 429.  His primary argument is that without an unredacted copy of the transcript of *in camera* proceedings, which occurred before the county judge tasked with determining whether or not to issue the search warrant, Defendant is deprived of a fair opportunity to argue for the suppression of evidence gathered pursuant to that search warrant.  Defendant also repeats his assertion, without citation to the record, that the law enforcement officer who testified before the issuing judge was not sworn in, thereby invalidating his testimony.

1

Additionally, Defendant's memorandum erroneously states that the Government was ordered by the Court to provide Defendant with a redacted version of the transcript of the *in camera* proceedings. For clarification of the record, the parties brokered this agreement regarding a redacted transcript between themselves. *See* Dkt. 354 & 373.

The Government filed its response in opposition on July 20, 2022. Dkt. 437. It fundamentally disputes that the transcript redactions are so substantial that they prevent defendant from understanding the *in camera* proceeding which resulted in the issuance of the search warrant. The Government notes that Magistrate Judge Schroeder determined that "[a]ll of the redactions related to information that could be used to identify the confidential informant and do not relate in any substantive way to whether there was probable cause…." *Id.* at 5 quoting Dkt. 399 at 5. Finally, the Government also points out that Magistrate Judge Schroeder reviewed the video recording of *the in camera* proceeding and found that the oath was administered to both the informant and the officer.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider orders of the Magistrate Court where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Under Local Rule 59(c)(1), an additional limitation is placed on the parties such that appeals will only be considered if timely and specific objections have been raised.

Upon due consideration of the arguments, the Court finds that the Decision and Order is neither clearly erroneous nor contrary to law. Magistrate Judge Schroeder reviewed, once again, the video recording of the *in camera* proceeding. He also compared the redacted and unredacted copies of the transcript of that proceeding. The

decision itself thoroughly responds to each of Defendant's arguments and rejects them. No arguments were raised or further developed on appeal which lead this Court to believe any error of fact or law was made in the Magistrate Court's analysis.

Accordingly, Defendant Torrance Bailey's appeal (Dkt. 429) is denied.

**IT IS SO ORDERED.**

             _s/Richard J. Arcara_
             HONORABLE RICHARD J. ARCARA
             UNITED STATES DISTRICT COURT

Dated: August 2, 2022